IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01704-BNB

MARK FREDRICK ZWIEBACK,

    Applicant,

v.

CHIEF HAAS,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Mark Fredrick Zwieback, is detained at the Boulder County Jail. He has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Application liberally because Mr. Zwieback is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed without prejudice for Applicant's failure to exhaust available state court remedies.

In the § 2241 Application, Mr. Zwieback challenges the pre-trial representation by court-appointed counsel, including counsel's decisions to enter a not guilty plea on his behalf; to waive preliminary hearing; and failure to request a reduction in bond. Applicant further claims that the pending criminal charges are "false" and that the authorities lacked a warrant to search his vehicle and confiscate his cell phone. Mr.

Zwieback also appears to challenge the validity of one or more prior state court convictions, which are the basis of a pending habitual offender charge in his current criminal case. Applicant's case is set for trial on October 3, 2014. (ECF No. 12, at 2). He seeks immediate release from jail.

A pre-trial detainee or prisoner in state custody must exhaust available state court remedies prior to seeking federal habeas corpus relief. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir.1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.1994)); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989). Where a petitioner has not exhausted his state remedies, "[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006). A habeas petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (internal citation omitted).

Mr. Zwieback alleges affirmatively in the § 2241 Application that he has not exhausted state court remedies for his claims. (ECF No. 4, at 2). Accordingly, on August 25, 2014, Magistrate Judge Boyd N. Boland entered an order directing Applicant to show cause in writing, within thirty (30) days, why this action should not be dismissed without prejudice for failure to exhaust available state court remedies. Although exhaustion of state remedies is an affirmative defense, the Court may raise the issue

*sua sponte*. *See Clay v. Oklahoma*, No. 13-6199, 541 F. App'x 805, 808 (10th Cir. Sept. 10, 2013) (unpublished) (citing *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (affirming a district court's dismissal of a habeas petition for failure to exhaust where the failure "was clear from the face of [the] petition" and where the petitioner failed to adequately address exhaustion after being instructed to do so in a show-cause order)).

Mr. Zwieback filed a Letter with the Court on September 8, 2014, responding to the show cause order. (ECF No. 12). In the Letter, he states that he filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c) with the Boulder County District Court in July 2013 challenging the prior convictions that are the basis for the habitual offender charge. (*Id.* at 1; *see also* ECF No. 12-2). Applicant states that this motion was denied on September 2, 2014. (ECF No. 12, at 1). He also filed a motion for "insufficient counsel" that was denied. (*Id.*). These actions by Applicant fail to demonstrate that he exhausted available state court remedies prior to seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241.

It appears that Mr. Zwieback has a state court remedy available to him. He may challenge the lawfulness of his pre-trial custody by filing a petition for habeas corpus relief pursuant to COLO. REV. STAT. § 13-45-101 (2014); *see also Horton v. Suthers*, 43 P.3d 611, 615 (Colo. 2002) (recognizing state district court's jurisdiction over habeas corpus petitions challenging the legality of detention).

Mr. Zwieback's § 2241 Application falters on another ground. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971);

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Zwieback concedes that the state court proceedings are ongoing. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Zwieback fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.  Indeed, Applicant concedes that he has raised some of his claims in the state court proceedings in various motions. The fact that those motions have not been successful does not demonstrate that he lacks an adequate opportunity to present his claims.

Mr. Zwieback "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Applicant will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548

4

F.2d 891, 894 (10th Cir.1977). Mr. Zwieback fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to show any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Zwieback has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

If Mr. Zwieback ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. However, to challenge any prior state court convictions used to enhance his sentence, he must first exhaust available state court remedies in the earlier state criminal case(s) and then file a separate motion for habeas corpus relief pursuant to 28 U.S.C. § 2254. *See*, *generally*, *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001).

Finally, claims concerning Mr. Zwieback's conditions of confinement at the Boulder County Jail must be raised in a civil rights action pursuant to 42 U.S.C. § 1983. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (explaining that the Supreme Court "has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983," leading us to recognize that "federal claims challenging . . . conditions of . . . confinement generally do not arise under § 2241"). Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4), filed *pro se* by Applicant, Mark Fredrick Zwieback, is

DENIED and this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies and pursuant to the principles of *Younger* abstention.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Zwieback has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Zwieback files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED September 11, 2014, at Denver, Colorado.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court